



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Paul E. Budlow
Assistant United States Attorney
Paul.Budlow@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4917
MAIN: 410-209-4800
FAX: 410-962-3091

February 15, 2016

Joseph A. Balter, Esq.
Mt. Washington Mill, Suite 200
1340 Smith Avenue
Baltimore, Maryland 21209

    Re:    United States v. Raymond Mykale Goodridge
            Criminal #: TBD

Dear Mr. Balter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Friday, February 19, 2016, at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to waive indictment and plead guilty to a Criminal Information charging him with Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.    That on or about May 20, 2014, in Maryland, the Defendant knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

    b.    For the purpose of producing a visual depiction of such conduct; and

    c.    The Defendant had reason to know that the visual depiction would be transported in interstate commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate commerce.

## Penalties

3.   a.   The maximum sentence provided by statute for production of child pornography is: not less than fifteen (15) years and not more than thirty (30) years imprisonment, followed by a term of supervised release of not more than life and a fine of $250,000.

   b.   In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

   c.   The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.   The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a.   The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

   b.   If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   c.   If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

### Factual and Advisory Guidelines Stipulation

6.   This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Group 1: Production of Child Pornography – May 20, 2015:

  a.   Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is **32**.

  b.   Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. **(Subtotal: 36)**.

  c.   Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the custody, care, or supervisory control of the defendant. **(Subtotal: 38)**.

  d.   Thus, the adjusted offense level is **38**.

Group 2: Relevant Conduct: Production of Child Pornography – May 23, 2014:

  e.   Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is **32**.

  f.   The adjusted offense level for Group 2 (production of child pornography on May 23, 2014) is **32**, thus this group receives ½ unit.

Group 3: Relevant Conduct: Distribution of Child Pornography:

  g.   Pursuant to § 2G2.2(a)(2), the base offense level for distribution of child pornography is a level **22**.

  h.   Pursuant to § 2G2.2(b)(2), there is a two (2) level increase because the material involved prepubescent minors. **(Subtotal: 24)**

  i.   Under § 2G2.2(b)(3)(F), there is a two (2) level increase because the defendant distributed child pornography. **(Subtotal: 26)**

  j.   Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. **(Subtotal: 28)**.

  k.   Pursuant to § 2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved more than 600 images. **(Subtotal: 33)**.

  l.   The adjusted offense level for Group 3 (distribution of child pornography) is **33**, thus this group receives ½ unit.

Grouping:

      m.     Pursuant to U.S.S.G. §§ 1B1.2 and 3D1.4, Count One and the relevant conduct of production of child pornography and distribution of child pornography do not group.

      n.     Because Groups 2 and 3 are 5 to 8 levels less serious than Group 1, each receives ½ unit, for a total of 2 units, and the offense level is increased by two (2) levels.

      o.     Thus, the combined adjusted offense level is **40**.

Acceptance of Responsibility:

7.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Thus, the final anticipated offense level is **37**.

8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11(c)(1)(C) Plea

10.     The parties stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of this case: a sentence of two hundred ten (210) months of incarceration and ~~no less than~~ twenty five (25) years of supervised release. For the purposes of this agreement, incarceration is a sentence to the Bureau of Prisons, and does not include any form of home confinement. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

## Obligations of the United States Attorney's Office

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

12. Provided that the Defendant receives a sentence pursuant to this plea agreement, this office represents that the State's Attorney's Office for Harford County will: (1) enter a *nolle prosequi* as to case 12-K-15-000338 in the Circuit Court for Harford County, and (2) pursue no further criminal charges arising out of the events described in the factual stipulation attached hereto. No other representations with respect to other conduct have been made or are contemplated under this agreement.

## Restitution

13. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

14. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

15. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

16. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and

understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Forfeiture

17. Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from 2656 Baldwin Mill Road, Unit "B", Baldwin, Maryland 21013 on February 23, 2015 and February 24, 2015. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to:

   a. Dell Inspiron Laptop, s/n UTI53A01;
   b. Seagate External Hard Drive, #PN1D6AP6-500; and
   c. HTC cell phone.

### Waiver of Appeal

18. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, and term or condition of supervised release); except as follows: the Defendant and this Office reserve the right to appeal from any order of restitution.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

   e. The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement.

7

## Obstruction or Other Violations of Law

19. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

20. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

21. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

8

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2-19-16
Date

Raymond Mykale Goodridge

I am Raymond Mykale Goodridge's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

2-19-16
Date

Joseph A. Balter, Esq.

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 15  AM 9: 25

## Attachment A – Statement of Facts

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Raymond Mykale Goodridge ("Goodridge"), age 21, is a resident of Baldwin, Maryland. As detailed below, in approximately May 2014, Goodridge produced images and videos of two minors engaged in sexually explicit conduct. As detailed below, Goodridge was also involved in the collecting and sharing of child pornography.

Count 1 – Production of Child Pornography of Minor Victim 1:

Minor Victim 1, a prepubescent male, was born in February 2011. Minor Victim 1 lived with his mother, in Dundalk, Maryland. Goodridge was friends with Minor Victim 1's mother, and starting in the fall of 2013, Goodridge spent time alone with Minor Victim 1. Goodridge spent the night at Minor Victim 1's home and Minor Victim 1 also spent the night at Goodridge's home.

In May 2014, Goodridge produced four photographs which depict Minor Victim 1, a prepubescent male, partially naked, and focused on Minor Victim 1's penis and anus. The images were produced by Goodridge at Minor Victim 1's residence while Minor Victim 1 was in Goodridge's care and custody. The images were produced using an iPhone that was manufactured outside of the United States.

Relevant Conduct – Production of Child Pornography of Minor Victim 2:

Minor Victim 2, a minor male, was 13 years old in May 2014. Minor Victim 2 lived in Harford County, Maryland. Goodridge was friends with Minor Victim 2's mother, and starting in the fall of 2014, Goodridge spend time alone with Minor Victim 2. Goodridge knew Minor Victim 2 through a family member of Minor Victim 2, and the two spent time together alone.

In May 2014, Goodridge produced a video which depicts Minor Victim 2. While outside Goodridge's residence in Baldwin, Maryland, Goodridge surreptitiously produced the video, intending to capture images of Minor Victim 2 engaging in sexually explicit conduct. The video captured Minor Victim 2 changing clothes, and depicted him in various states of undress, included fully naked, and captured images of Minor Victim 2's penis. The video was produced using a camera phone that was manufactured outside of the United States.

Relevant Conduct - Distribution of Child Pornography:

In February 2015, various digital devices belonging to Goodridge were seized from his former residence, and examined pursuant to search warrant, including:

1

    a.    Dell Inspiron Laptop, s/n UTI53A01; and
    b.    Seagate External Hard Drive, #PN1D6AP6-500;

During a forensic examination of the seized items, images and videos of child pornography were found on the laptop and external hard drive. The results of that preliminary examination include the following:

- There were more than 600 images and videos of minors engaged in sexually explicit conduct, including numerous files that portray prepubescent children engaged in sex acts with adults; and
- The images and videos Goodridge produced of Minor Victim 1 and Minor Victim 2 were located on the external hard drive.

The desktop computer and external hard drive were manufactured out of the state of Maryland. The child pornography files found on Goodridge's devices was transported in or affecting interstate or foreign commerce, and were produced using materials that had been transported in or affecting interstate or foreign commerce. Goodridge's email accounts and HTC cell phone were also examined pursuant to search warrants. Goodridge used his HTC cell phone and at least one email account to trade child pornography.

Goodridge voluntarily spoke to investigators and provided the following information:

- The he used his digital devices to access the internet to search for and collect files of child pornography;
- That he used the TOR network to search for and collect child pornography;
- That he uses the internet to trade child pornography;
- The he produced the images of Minor Victim 1 and the video of Minor Victim 2 using his cell phone.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case

_____
Raymond Mykale Goodridge

    I am Mr. Goodridge's attorney. I have carefully reviewed the statement of facts with him.

_____
Joseph A. Balter, Esquire
Counsel for Raymond Mykale Goodridge

2